Note. — The reasons of the Judges now present, were not founded upon the arguments about repugnancy — no part of a deed is repugnant but that which cannot consist with the other parts, unless we speak of a repugnancy to rules of law. It is by no means inconsistent with an estate in fee in remainder, that another should first have an estate for life — neither is it necessary to inquire, whether the deed in question, was intended to operate as a deed at common law, or under the statute of uses: for whether intended as the one or the other, if it could not operate effectually in the way intended, it will operate, in some other way in which it may be effectual. There can be no doubt of this rule. A deed intended to operate as a feoffment, may be construed a covenant to stand seised. 1 Atk. 8. H. B. R. 614. There cannot be the least doubt, but that a covenant Ü5 stand seised to the use of another, after one’s own life, isgood to pass the estate intended; for the law raises in the grantor art estate fur life vn the mean time. *311 sufficient ta support the future estate. Co. Litt. 22, b. This' ha» been already decided in a vast number of instances. There is no point better established by authorities. 1 Mo. 175, 178, 98, 159, 121. 2 Mo. 207. 3 Mo. 237. 2 Ves. 255. 4 Mo. 149. 2 L. Ray. 855. 1 L. Ray. 34. There can be no doubt in the present case as to what was the meaning of the parties, and the only question is, whether it is possible to put such a construction upon the deed, (Vide 1 Nels. Ab. 487, 488, s. 16, 17, 18, 19, 20, 22. 3 Nels. 96, s. 18. Fearne on Cont. Rem. 30. 33,) as to make that inlent consistent with the rules of law: and if the law will imply an estate for life in the grantor, where nothing is said about it, in order to support the estate in remainder, surely it will not reject such estate when raised by the express words of the parties. Here that is done, and besides, the very case now before the court was decided not long since, and is reported in 4 Term 181. There, there was a conveyance exactly like the present, and a proviso of exactly the same import, placed in the same part of the deed ; and the court decided it was not a repugnant proviso, but consistent with the estate granted in the deed, and that the estates mentioned in the deed were well raised. Vide 1 Nels. 408, a. 22. 1 Rep. 101, 154, b.
Septembeprterm, 1796. This special verdict was again argued before Judges Macay and Stone, and they gave judgment for the Plaintiff.
Note — jlf will not be improper here to observe, that this opinion of three of the present Judges — founded upon consideration, after argument by counsel, upon a case made by a special verdict, is directly against that of Ward and Ward, decided as to this point at Halifax, April term, 1793. That was an Ejectment cause, upon the trial of which, a question arose upon adeed of bargain & sale, made tothe lessor of Uv-. P'aintiff by his father in the year 1771, of the premises in question, which conveyed the whole estate absolutely to the bargainee ; but in tha premises of the deed, there is an exception of the grantor’s lifetime, in any part or parcel of the land — whether the lessor of the Plaintiff toot a fee by this conveyance, as a life estate was reserved to the grantor, was the question.
Davie, for the Defendant, laid it down as an established rule of law, that a fee cannot be created by deed to take effect or arisein futuro¡ and here, he said the grantee was not to take till after the grantor’s death. The Attorney-General, Haywood, entered into a discussion of the doctrine of use.-.,' to shew that the use might be limited to take effect in this manner by the statute of uses, although it would not have been good at the common law.
. Per Curiam.-~-A.snn and Williams, to the Attorney-General, we differ with you' in opinion in respect to the operation of the statute of uses, but we are clearly of opinion, that here the fee immediately passed to the grantee, and that the reservation is void.